UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re: )
 ) Bankruptcy Case No. 04-65572-fra7
Roger H. George, and )
Cynthia T. George, )
 )
 Debtors. ) OPINION

The Debtors filed a petition for relief under Chapter 11 of the Bankruptcy Code on July 14, 2004. The case was converted to one under Chapter 7 on December 30, 2005.

The Trustee asserts that she is entitled to possession of $93,000 paid to Debtor Cynthia George upon termination of her employment in November 2005. The Debtors allege that the funds are not property of the estate and, further, that to the extent the funds are estate property they are exempt under ORS 18.345(1)(l). I find that the funds are property of the estate, but not subject to any exemption.

// // //

// // //

Page 1 -

## I. FACTS

After 16 years employment at a department store in Medford, Oregon, Debtor Cynthia George was advised that her employment was to be terminated. Negotiations ensued for some sort of severance package. The employer originally offered compensation in an amount equal to three months' pay, and Mrs. George countered with a demand for 18 months. The parties ultimately settled on an amount equal to 10 months salary, or $93,000. A written agreement was entered into whereby the employer agreed to pay this sum, and the Debtor agreed to waive any claim of any sort that she may have had against the employer. The agreement provided that:

> 1. Your [i.e. Cindy George's] last day of active employment was October 18, 2005 (the "resignation date"). You agree that you resigned as an employee as of the resignation date. The employer-employee relationship shall cease on the resignation date for all purposes, including without limitation for purposes of all employee benefit plans and all fringe benefit arrangements provided by [employer].

The sum of $93,000 was paid by the employer and deposited by Debtors in a new bank account on December 12, 2005. The receipt of the funds and the creation of the account were not disclosed in reports subsequently submitted to the Court pursuant to Fed.R.Bankr.P. 2015, or otherwise disclosed to the Court, U. S. Trustee, or interested parties. As noted, the Debtors converted their case to Chapter 7 eighteen days later.

## II. DISCUSSION

Code Section 541 provides that all assets or property owned by the debtors as of the commencement of the case become property of the

Page 2 -

estate. Section 541(a)(6) further provides that "[p]roceeds, product, offspring, rent or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after commencement of the case" are property of the estate.

According to the terms of the Agreement and General Release, the consideration given by the Debtor in return for the cash payment was a complete release and discharge of the employer from any claims or liabilities. While no particular claim is alluded to (much less admitted), the agreement appears intended more as a resolution of any tort claim arising out of the termination than an adjustment based on earnings. Any such a claim was, at the time, property of the estate, it follows that the cash paid by the employer is proceeds from the disposition of those estate assets, and is therefore itself property of the estate. § 541(a)(6). See In re Powers, 98 B.R. 577 (Bankr. M. D. Fla. 1989). Since it was not attributable to services actually performed by Mrs. George after the case was commenced, it is not subject to the exception set out in § 541(a)(6). Moreover, the termination occurred after sixteen years of employment, and fifteen months after the case was commenced. Nothing in the record suggests that the agreement is based, even in part, on events or circumstances arising after the bankruptcy commenced. It is plain to see that the sizable settlement was arrived at because of Mrs. George's long service with the employer. The agreement was, therefore, sufficiently rooted in the pre-bankruptcy past to constitute property of the estate. In re Reyerson, 739 F. 2d 1423 (9th Cir, 1984).

Debtors suggest that the money paid under the agreement is, at

Page 3 -

least in part, intended as compensation for the loss of income from the terminated employment. However, the text of the agreement does not support this argument. The agreement provides that the employer will pay the *equivalent* of ten months of Mrs. George's annual salary. There is no other reference to salary in the agreement. The agreement states that

> it is expressly understood that there is no agreement or understanding between [debtor] and [employer] about or pertaining to the termination of your employment, [employer] or [employer's] obligations to you with respect to such termination, except as set forth in this agreement. No alteration, amendment, modification or interpretation of this agreement shall be binding unless in writing and signed by both parties.

It is clear from testimony that the negotiations between the Debtor and the employer were couched in terms of multiples of the Debtor's $9,300 monthly gross salary. The use of this method of negotiation and evaluation of the consideration to be paid does not necessarily mean that the consideration is in fact a substitute for actual salary. The terms of the agreement say precisely the opposite: the consideration for the cash payment, however the amount is arrived at, is the general release, and nothing else.

Debtors claim that the funds are, even if property of the estate, subject to exemption.[1] ORS 18.345(1)(l) provides for an exemption in the debtor's right to receive payment for compensation of loss of future earnings. As noted previously, the consideration paid by the employer was not for future earnings, but for the release of claims.

---

[1] It does not appear that the exemption was claimed in the Debtors' Schedule C: however, the parties have presented evidence and argument on the issue as if it had been, and a timely objection filed by the trustee.

Page 4 -

It may be that such claims included claims for future earnings attributable to wrongful termination. However, the Court is not prepared to speculate on this point. The record supports a finding that the money was paid in return for a release of all claims, whatever they may have been. The evidence is not sufficient to fashion findings that the money, or a particular portion, was attributable to a loss of future earnings and therefore subject to the provisions of ORS 18.345(1)(l).

The proceeds of the Agreement and General Release are property of the estate. Debtors' objection to the Trustee's motion for an order requiring turnover of the funds must be overruled. An order to that effect will be entered.

FRANK R. ALLEY, III
Bankruptcy Judge

Page 5 -