# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | ) Bankruptcy Case No. |
| ROGER GEORGE and CYNTHIA GEORGE, | ) 04-65572-fra7 |
| Debtors. | ) |
| | ) MEMORANDUM OPINION |

Debtors filed a petition for relief under Chapter 11 of the Bankruptcy Code on July 14, 2004. The case was converted to Chapter 7 on December 30, 2005. The Trustee has demanded that the Debtors turn over the proceeds of the sale of stock acquired on the exercise of an option held at the time the petition was filed. The Debtors object. I find that the Trustee's position must be sustained, and the funds turned over to her.

## I. DISCUSSION

Among the assets of the Debtors' estate when they filed their petition under Chapter 11 were options to purchase, at a fixed price, shares in Mrs. George's employer. Post-petition, Mrs. George exercised the option without notice to the Court or interested

// // //

MEMORANDUM OPINION - 1

parties, and thereafter sold the shares. The net received after withholding for taxes was $16,666.50.

The Debtors argue that they should not be required to account for the shares, since the options were valueless given the market conditions at the time of the petition. This argument fails in two respects:

First, there is no question that the options were property of the estate under 11 U.S.C. § 541. The value of the property is immaterial - it belongs to the estate, and must be accounted for to the Trustee, whether valuable or not. It is for the Trustee, and not the Debtor, to determine that property is valueless and therefor not subject to administration.

Second, while the stock option may have been without value as of the date of the petition, it was certainly more valuable at the time of its exercise. Mrs. George was able to exercise her option and then sell the stock for a tidy post-tax profit of $16,666.50. This appreciation in value enured to the bankruptcy estate, and must be turned over to the Trustee. In re Reed, 940 F.2d 1317, 1323 (9th Cir. 1991)(internal citations omitted); In re Hyman, 967 F.2d 1316, 1321 (9th Cir. 1992).

The gross amount received on the disposition of these shares was $27,502.90. The Trustee seeks turnover of the net amount received by the Debtor of $16,666.50, presumably because the shares were acquired with non-estate funds.

// // //
// // //

MEMORANDUM OPINION - 2

The Trustee's motion for a turnover order should be allowed. Counsel for the Trustee should submit a form of order in conformity with this Memorandum Opinion.

FRANK R. ALLEY, III
Bankruptcy Judge

MEMORANDUM OPINION - 3